**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**BRANDON P. SMITH, ESQ.**
Nevada Bar No. 10443
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY ESSICK JOHNSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., WAL-MART REAL ESTATE BUSINESS TRUST; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-01388-CDS-MDC<br><br>**STIPULATION AND ORDER TO CONTINUE DISCOVERY AND SCHEDULING ORDER**<br><br>**(THIRD REQUEST)** |

Plaintiff ANTHONY ESSICK JOHNSON ("Plaintiff"), by and through his attorneys of record, RAMZY PAUL LADAH, ESQ. and BRANDON P. SMITH, ESQ., of the law firm LADAH LAW FIRM, and Defendants WALMART, INC. and WAL-MART REAL ESTATE BUSINESS TRUST (hereinafter collectively referred to as "Defendants"), by and through their attorneys of record, KURT R. BONDS, ESQ., TANYA M. FRASER, ESQ., and CASSIDY PAPPAS, ESQ., of the law firm HALL & EVANS, LLC, submit this **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (THIRD REQUEST)** pursuant to LR 26-4 for the Court's consideration.

. . .

I.

**DISCOVERY COMPLETED TO DATE**

1. A Rule 26(f) Case Conference was held and a Discovery Plan/Scheduling Order was filed.

2. Plaintiff served initial FRCP 26(e)(1) disclosures.

3. Defendants served initial FRCP 26(e)(1) disclosures.

4. Plaintiff served a first supplement to FRCP 26(e)(1) disclosures.

5. Plaintiff propounded his first set of requests for production to Defendant Walmart, Inc., to which Defendant Walmart, Inc., responded.

6. Plaintiff propounded his first set of interrogatories to Defendant Walmart, Inc., to which Defendant Walmart, Inc., responded.

7. Plaintiff propounded his first set of requests for admissions to Defendant Walmart, Inc., to which Defendant Walmart, Inc., responded.

8. Walmart propounded its first set of interrogatories to Plaintiff, to which Defendant Walmart, Inc. responded.

9. Walmart propounded its first set of requests for production to Plaintiff, to which Defendant Walmart, Inc. responded.

10. Walmart propounded its first set of interrogatories to Plaintiff, to which Defendant Walmart, Inc. responded.

11. Deposition of Plaintiff.

II.

**DISCOVERY TO BE COMPLETED**

1. Deposition of Defendant Walmart, Inc. FRCP 30(b)(6) witness(es).

2. Depositions of percipient witnesses.

3. Depositions of Plaintiff's treating physicians.

4. Expert disclosures.

5. Depositions of experts.

6. Additional written discovery as needed.

### III.

### GOOD CAUSE EXISTS FOR THE EXTENSION

**A. Excusable Neglect can be Proven as an Exception to Submission of Stipulation within 21 Days of Expert Deadline**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. Further, "[a] request made within 21 days of the subject deadline must be supported by a showing of good cause." Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). In making this determination, courts consider whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *E.g., Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Lastly, "[w]hen a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order." *Williams v. James River Grp.*, 627 F.Supp. 3d 1172, 1178 (D. Nev. 2022).

When a request for relief from case management deadlines is made after the deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. Magistrate judges have broad discretion to manage the discovery process "in the interests of

dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The "good cause" standard is liberally construed to ensure that cases are tried on their merits, not technicalities. *See Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010); *see also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Deadlines must not be enforced mindlessly, of course.") Local Rule 26-3 sets additional requirements and provides that motions submitted within 21 days of the date they seek to change must show good cause. LR 26-3. *Dae Sung Hi Tech. Co., LTD v. D&B Sales, Inc.*, 2023 U.S. Dist. LEXIS 132973, *1-2.

Good cause exists in this case to grant a discovery extension. Both parties in this case are agreeable to the stipulated extension of time, and thus neither party suffers any prejudice. Unfortunately, despite the parties' diligent efforts to move this case forward, Plaintiff's medical expert experienced a delay in providing his report which impacted production of Plaintiff's other experts' reports. Excusable neglect for the instant stipulation, submitted within 21 days of the subject deadline to-be-continued because Plaintiff was not informed of this issue until days prior to the instant deadline.

Additionally, Plaintiff's discovery has been delayed as Defendants had been working to identify potential third parties whose joinder may be necessary in this action. To that end, Plaintiff has requested supplementation to Defendants' responses to Plaintiff's interrogatories and requests for production, and the information produced therein potentially bears on Plaintiff's expert opinions. Where the parties believed such information would be produced in sufficient time prior to the expert disclosure deadline, such production has not been completed.

The parties' request will not impact the trial date as this matter has not yet been set for trial. Further, no prejudice will arise to either party, as both parties agree an extension is warranted in light of the issues with Plaintiff's experts and the difficulties faced by Defendants in producing the requested information. As both parties have determined that an extension is necessary for the parties to develop their respective cases-in-chief, the requested extension is consistent with the Court's policy to adjudicate matters based upon their merits.

Accordingly, the parties respectfully request an extension of the current deadlines as indicated below. This is the second request for an extension of discovery in this matter.

## IV.

## PROPOSED DISCOVERY SCHEDULE AND TRIAL DATE

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| Amend Pleadings/Add Parties: | Closed | Closed |
| Initial Expert Disclosures: | 06/04/24 | 07/05/24 |
| Rebuttal Expert Disclosures: | 07/08/24 | 08/07/24 |
| Discovery Cut-Off | 08/07/24 | 09/06/24 |
| Dispositive Motions: | 09/06/24 | 10/07/24 |
| Joint Pretrial Order | 10/07/24 | 11/06/24 |

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. ..

. . .

. . .

. . .

. . .

# V.

# CURRENT TRIAL DATE

No trial date has been set.

This Stipulation is not made for purposes of undue delay of discovery or trial in this matter but is submitted in the interest of realizing a trial on the merits.

**STIPULATED AND AGREED TO:**

**DATED** this 4th day of June 2024.

**LADAH LAW FIRM**

/s/ *Brandon P. Smith, Esq.*

RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
BRANDON P. SMITH, ESQ.
Nevada Bar No. 10443
517 S. Third Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

**DATED** this 4th day of June 2024.

**HALL & EVANS**

/s/ *Kurt Bonds*

KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
CASSIDY PAPPAS, ESQ.
Nevada Bar No. 16738
1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Defendant*

# ORDER

**IT IS SO ORDERED:**

**DATED: 6/18/2024**

Parties must use the correct case number, "2:23-cv-01388-CDS-MDC," in all future filings.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

*Submitted by:*

**LADAH LAW FIRM**

*/s/ Brandon P. Smith*
**BRANDON P. SMITH, ESQ.**
Nevada Bar No. 10443
517 S. Third Street
Las Vegas, NV 89101
*Attorney for Plaintiff*