1  **HALL & EVANS, LLC**
   KURT R. BONDS, ESQ.
2  Nevada Bar No. 6228
   TANYA M. FRASER, ESQ.
3  Nevada Bar No. 13872
   1160 North Town Center Drive
4  Suite 330
   Las Vegas, Nevada 89144
5  (702) 998-1022
   nvefile@hallevans.com
6  *Attorneys for Defendants*
7

8              **UNITED STATES DISTRICT COURT**

9                   **DISTRICT OF NEVADA**

10  ANTHONY ESSICK JOHNSON, an              CASE NO.: 2:23-cv-01388-CDS-MDC
    individual,
11
12          Plaintiff,
13             vs.
14  WALMART, INC., WAL-MART REAL            **STIPULATION AND ORDER TO**
    ESTATE BUSINESS TRUST; DOES I           **CONTINUE DISCOVERY PLAN**
15  through XXX, inclusive and ROE BUSINESS  **AND SCHEDULING ORDER**
    ENTITIES I through XXX, inclusive,      **(FORUTH REQUEST)**
16
17  Defendants.

18          Plaintiff ANTHONY ESSICK JOHNSON ("Plaintiff"), by and through his attorneys of

19  record, RAMZY PAUL LADAH, ESQ. and BRANDON P. SMITH, ESQ., of the law firm LADAH

20  LAW FIRM, and Defendants WALMART, INC. and WAL-MART REAL ESTATE BUSINESS

21  TRUST (hereinafter collectively referred to as "Defendants"), by and through their attorney of

22  record, KURT R. BONDS, ESQ. and TANYA M. FRASER, ESQ., of the law firm HALL &

23  EVANS, LLC, submit this **STIPULATION AND ORDER TO EXTEND DISCOVERY**

24  **DEADLINES (FOURTH REQUEST)** pursuant to LR 26-4 for the Court's consideration.

25  . . .

26  . . .

27  . . .

28  . . .

*(left margin, vertical)* **HALL & EVANS, LLC** 1160 North Town Center Drive Suite 330 Las Vegas, Nevada 89144 (702) 998-1022

                          1                              KB/20147-84

**HALL & EVANS, LLC**
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

## I.

## <u>DISCOVERY COMPLETED TO DATE</u>

1.  A Rule 26(f) Case Conference was held and a Discovery Plan/Scheduling Order was filed.

2.  Plaintiff served initial FRCP 26(e)(1) disclosures.

3.  Defendants served initial FRCP 26(e)(1) disclosures.

4.  Plaintiff served a first supplement to FRCP 26(e)(1) disclosures.

5.  Plaintiff propounded his first set of requests for production to Defendant Walmart, Inc., to which Defendant Walmart, Inc., responded.

6.  Plaintiff propounded his first set of interrogatories to Defendant Walmart, Inc., to which Defendant Walmart, Inc., responded.

7.  Plaintiff propounded his first set of requests for admissions to Defendant Walmart, Inc., to which Defendant Walmart, Inc., responded.

8.  Defendant Walmart, Inc. propounded its first set of requests for production to Plaintiff, to which Plaintiff responded.

9.  Defendant Walmart, Inc. propounded its first set of interrogatories to Plaintiff, to which Plaintiff responded.

10. Defendant Walmart, Inc. propounded its first set of requests for admission to Plaintiff, to which Plaintiff responded.

11. Defendant Walmart, Inc. served its first supplement to its FRCP 26(a) disclosures.

12. Plaintiff served a second supplement to FRCP 26(a) disclosures and an initial designation of their expert witnesses and documents.

13. Defendant Walmart, Inc. served its second supplemental 26(a) disclosures.

14. Defendant Walmart, Inc. served its initial expert disclosures.

15. Plaintiff served a third supplement to FRCP 26(a) disclosures and their first supplement to their expert witness and documents disclosures.

16. Plaintiff served a fourth supplement to FRCP 26(a) disclosures and their rebuttal expert designation.

17. Defendant Walmart, Inc. served its rebuttal expert disclosures.

KB/20147-84

18. Deposition of Plaintiff has been taken.

## II.

## DISCOVERY TO BE COMPLETED

1.  Depositions of the Defendant's 30(b)(6) representative(s).

2.  Depositions of percipient witnesses.

3.  Depositions of Plaintiff's treating physicians.

4.  Depositions of experts.

5.  Additional written discovery as needed.

## III.

## GOOD CAUSE EXISTS FOR THE EXTENSION

**A.  Excusable Neglect can be Proven as an Exception to Submission of Stipulation within 21 Days of Expert Deadline**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. Further, "[a] request made within 21 days of the subject deadline must be supported by a showing of good cause." Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). In making this determination, courts consider whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *E.g., Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Lastly, "[w]hen a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order." *Williams v. James River Grp.*, 627 F.Supp. 3d 1172, 1178 (D. Nev. 2022).

When a request for relief from case management deadlines is made after the deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;

KB/20147-84

and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. Magistrate judges have broad discretion to manage the discovery process "in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Good cause exists in this case to grant a discovery extension. Both parties in this case are agreeable to the stipulated extension of time as to continue diligently conducting discovery of this matter showing no prejudice to either party in the interest of fairness to both parties. While the parties were working diligently to progress this case, Defendant's counsel experienced personal conflicts, including tragic deaths in the family along with pre-arranged extended vacation time. These instances have created scheduling conflicts regarding the remaining depositions. Further, Defendant wishes to depose both of Plaintiff's children which has required specialized scheduling arrangements to ensure that a guardian be present. Finally, recent rebuttal expert disclosures have revealed the need to take additional depositions, and this need cannot be met within the currently established deadlines. This request will not impact the trial date as this matter has not yet been set for trial. No prejudice will arise to either party, as both parties agree an extension is warranted in light of the deposition scheduling conflicts.

The "good cause" standard is liberally construed to ensure that cases are tried on their merits, not technicalities. *See Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010); *see also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Deadlines must not be enforced mindlessly, of course.") Local Rule 26-3 sets additional requirements and provides that motions submitted within 21 days of the date they seek to change must show good cause. LR 26-3. Dae Sung Hi Tech. Co., LTD v. D&B Sales, Inc., 2023 U.S. Dist. LEXIS 132973, *1-2. Defendant has been working to identify and retain 30(b)(6) representatives to be deposed, as well as identifying those individuals that still need to be deposed to obtain a proper factual understanding of the case at issue. The extension of time allows for Plaintiff to not be prejudiced by the lack of available admissible evidence for their lawsuit. As both parties are willing and agreeable to an extension of time to complete discovery, it is in the Court's best interest to grant as not to waste the Court's time and resources in adjudicating the case for its merits.

4

KB/20147-84

Accordingly, the parties respectfully request an extension of the current deadlines as indicated below. This is the fourth request for an extension of discovery in this matter.

**IV.**

**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

| DISCOVERY | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Add Parties and Amend Pleadings | CLOSED | CLOSED |
| Initial Expert Disclosure | CLOSED | CLOSED |
| Rebuttal Expert Disclosure | August 7, 2024 | **CLOSED** |
| Close of Discovery | September 6, 2024 | **December 5, 2024** |
| Dispositive Motions | October 7, 2024 | **January 6, 2025** |
| Joint Pretrial Order | November 6, 2024 | **February 4, 2025** |

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

5

**V.**

**CURRENT TRIAL DATE**

No trial date has been set.

This Stipulation is not made for purposes of undue delay of discovery or trial in this matter but is submitted in the interest of realizing a trial on the merits.

DATED this 27th day of August, 2024.          DATED this 27th day of August, 2024.

LADAH LAW FIRM                                   HALL & EVANS, LLC

/s/ Brandon P. Smith                             /s/ Kurt R. Bonds
RAMZY P. LADAH, ESQ.                             KURT R. BONDS, ESQ.
Nevada Bar No. 11405                             Nevada Bar No. 6228
BRANDON P. SMITH, ESQ.                           TANYA M. FRASER, ESQ.
Nevada Bar No. 10443                             Nevada Bar No. 13872
517 South Third Street                          1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89101                          Las Vegas, Nevada 89144
Counsel for Plaintiff                            Attorneys for Defendants

**ORDER**

**IT IS SO ORDERED:**

**DATED: 9/24/24**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

Submitted by:
HALL & EVANS, LLC

/s/ Kurt R. Bonds
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
TANYA M. FRASER, ESQ.
Nevada Bar No. 13872
1160 North Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Attorneys for Defendants

HALL & EVANS, LLC
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022

KB/20147-84